ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

OCT - 9 2012

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

SUANNE M. CLAYTON,

Plaintiff,

Vs.

DR. JAMES CRAIG, M.D.; SOUTHERN
HEALTH CORP. OF ELLIJAY, INC.
d/b/a NORTH GEORGIA MEDICAL
CENTER; and SUNLINK HEALTH
SYSTEMS, INC.,

Defendants.

Civil Action File No.

**2:12-CV- 237**

## COMPLAINT AND JURY DEMAND FOR SEXUAL DISCRIMINATION, SEXUAL HARRASSMENT, RETALITORY TERMINATION, NEGLIGENT HIRING, NEGLIGENT SUPERVISION, TORTIOUS INTERFERENCE, SLANDER, LIBEL AND DEFAMATION

Plaintiff, SUANNE M. CLAYTON, by and through her attorney,

complaining of the defendant, states and alleges the following:

## JURISDICTION AND VENUE

1.     This action is brought pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e *et seq.* to remedy discrimination on the basis of sex.

1

2.	This action is also brought pursuant to Georgia state law for claims of sexual harassment, retaliatory termination, negligent hiring, negligent supervision, tortious interference, slander libel and defamation.

3.	Plaintiff Suanne M. Clayton, is a resident of the State of Georgia.

4.	Defendant Dr. James Craig, M.D. is a resident of the State of Georgia. He may be served at his business address of 61 Highlands Court, Suite 101, Ellijay, Gilmer County, Georgia 30540.

5.	Defendant Southern Health Corporation of Ellijay, Inc. d/b/a North Georgia Medical Center is a corporation authorized to do business in the State of Georgia and having its principal place in Gilmer County, Georgia.  Defendant may be served through its registered agent for service, Sheila Brockman, at 900 Circle 75 Parkway, Suite 1120, Atlanta, Cobb County, Georgia 30540.

6.	Defendant Sunlink Health Systems, Inc. is a corporation authorized to do business in the State of Georgia.  Defendant may be served through its registered agent for service, Sheila Brockman, at 900 Circle 75 Parkway, Suite 1120, Atlanta, Cobb County, Georgia 30540.

7.     Until June 22, 2011, Plaintiff was employed by Defendants James Craig and Southern Health Corporation as a nurse. Defendant Sunlink Health Systems is the parent corporation of Defendant Southern Health Corporation.

8.     On or about June 22, 2011, Defendants Southern Health Corporation and Dr. James Craig discharged Plaintiff.

9.     On or about September 16, 2011, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC).

10.     On or about July 11, 2012, Plaintiff received a right to sue letter from the EEOC. A copy of that letter is attached hereto as Exhibit A.

11.     Plaintiff has fully complied with all prerequisites to the jurisdiction of this court under Title VII of the Civil Rights Act of 1964.

12.     This court has jurisdiction of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4).

13.     Compensatory, declaratory and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1981(a) and 42 U.S.C. § 2000e-5(f)(3).

14.     This court has supplemental jurisdiction over the state law claims by virtue of 28 U.S.C. § 1367.

15.     Since the defendants reside in this district and all the unlawful employment practices complained of occurred in this District, venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.

## PARTIES

16.     Plaintiff is a female and all time relevant to this Complaint and before June 22, 2011 Plaintiff was employed in varying capacities by Defendants.

17.     Defendants are employers within the meaning of Title VII of the Civil Rights Act of 1964 who provide health care services.

## FURTHER ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.     Plaintiff was a nurse employed by Defendant Southern Health Corporation whose primary responsibilities were to Defendant Dr. James Craig's Family Practice located within facilities maintained by Southern Health Corporation.

19.     During Plaintiff's employment, she was supervised primarily by Meredith Mahavier Holmes.

20.     Defendant's Nurse Supervisor, Meredith Holmes, was involved in an open sexual relationship with Dr. James Craig.

21.     During the majority of her tenure as Nurse Supervisor while Plaintiff

was employed by Defendants, Meredith Holmes, upon information and belief, was

not licensed to practice as a nurse by the State of Georgia.

22.     While employed at Craig's office, Plaintiff was subjected to pervasive

sexual comments, innuendo, and lewd gestures.  For example, pictures of scantily

clad woman were emailed to Plaintiff and other office staff, and inappropriate

sexual touching, sexual jokes and teasing were commonplace at Dr. Craig's office.

23.     Defendants Southern Health Corporation and Sunlink Health Systems

were fully aware of the relationship between Dr. James Craig and Meredith

Holmes as well as the inappropriate sexually-charged atmosphere at Dr. Craig's

office, yet failed to appropriately discipline either James Craig or Meredith

Holmes.

24.     After Plaintiff complained about some of the inappropriate sexual

behavior by Dr. Craig, he fabricated an affair between the Plaintiff and a patient's

husband in order to protect the relationship between himself and Meredith Holmes,

hide the lack of her nursing license, and discredit Plaintiff in her claims of an

inappropriate sexually-charged atmosphere at Dr. Craig's office.

25.    Dr. Craig reported this fabricated affair to the subject patient, the staff

at his office, administrators within Defendants Southern Health Corp. and Sunlink

Health Systems, and others within the general public.

26.    Upon hearing the fabrication, Defendants Southern Health Corp. and

Sunlink Health Systems failed to properly investigate the situation, and instead

refused to consider the mistreatment of the Plaintiff and the inappropriate sexual

behavior by Dr. Craig.

27.    Rather, as Dr. Craig and his office made substantial sums for

Defendants Southern Health Corp. and Sunlink Health Systems, these false

allegations, as well Dr. Craig's demands that a reason be found to fire her, were

used as the basis for Plaintiff's termination.

## CAUSES OF ACTION

### COUNT ONE

### SEXUAL DISCRIMINATION

28.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs 18 to 27 with the same force and effect as if set forth herein.

29.    In violation of Title VII of the Civil Rights Act of 1964, and

applicable state law, Plaintiff Suanne Clayton was discriminated against by

Defendants James Craig, Southern Health Corp., and Sunlink Health Systems, Inc. as she was discharged and otherwise discriminated against with respect to her compensation, terms, or privileges of employment, because of her sex.

30.    As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in compensation and other employment benefits and has incurred other economic losses including but not limited to loss of wages in amounts to be proven at trial.

31.    As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has endured and continues to endure pain and suffering and general damages to be determined by the enlightened conscience of a jury.

32.    Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights to be free from discrimination on the basis of gender. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## COUNT TWO

## SEXUAL HARRASSMENT

33.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 18 to 32 with the same force and effect as if set forth herein.

34.   As an employee at Defendant James Craig's office, Plaintiff was subjected to verbal and physical conduct of a sexual nature, including lewd comments, sexual touching, and displays of sexual photographs.

35.   This sexual conduct unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile and offensive work environment.

36.   Plaintiff made reasonable efforts to notify all Defendants of this intimidating, hostile and offensive work environment, but Defendants failed to make appropriate and reasonable efforts to correct said environment.

37.   Rather, Plaintiff was either directly terminated or effectively forced to quit by said environment.

38.   As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in compensation and other employment benefits and has incurred other economic losses including but not limited to loss of wages in amounts to be proven at trial.

39.　　As a further direct, foreseeable and proximate result of Defendants'
unlawful actions, Plaintiff has endured and continues to endure pain and suffering
and general damages to be determined by the enlightened conscience of a jury.

40.　　Defendants committed the acts herein despicably, maliciously,
fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, from
an improper and evil motive amounting to malice, and in conscious disregard of
Plaintiff's rights to be free from discrimination on the basis of gender. Plaintiff is
thus entitled to recover punitive damages from Defendants in an amount according
to proof.

## COUNT THREE

## RETALITORY TERMINATION

41.　　Plaintiff repeats and realleges each and every allegation contained in
paragraphs 18 to 40 with the same force and effect as if set forth herein.

42.　　Plaintiff's treatment by Defendants and ultimate termination
constitutes retaliation for opposing discriminatory work practices forbidden by
Title VII of the Civil Rights Act of 1964 and applicable state law.

43.　　As a direct, foreseeable and proximate result of Defendants' unlawful
actions, Plaintiff has suffered and continues to suffer substantial losses in

compensation and other employment benefits and has incurred other economic

losses including but not limited to loss of wages in amounts to be proven at trial.

44.     As a further direct, foreseeable and proximate result of Defendants'

unlawful actions, Plaintiff has endured and continues to endure pain and suffering

and general damages to be determined by the enlightened conscience of a jury.

45.     Defendants committed the acts herein despicably, maliciously,

fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, from

an improper and evil motive amounting to malice, and in conscious disregard of

Plaintiff's rights to be free from discrimination on the basis of gender. Plaintiff is

thus entitled to recover punitive damages from Defendants in an amount according

to proof.

## COUNT FOUR

## NEGLIGENT HIRING

46.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs 18 to 45 with the same force and effect as if set forth herein.

47.     Defendants breached their duty to hire properly licensed nursing staff

for nursing positions when they failed to inquire as to the license status of

Meredith Holmes.

48.    Defendants hired Meredith Holmes as a Nurse Supervisor even though she lacked a license issued by proper state authorities and otherwise did not meet appropriate criteria to supervise nurses in the employ of Defendants James Craig, Southern Health Corp. and Sunlink Health Systems.

49.    Despite the fact that Meredith Holmes was not qualified for the position, despite the fact that she was having an open sexual relationship with Dr. Craig, and despite the fact that she was complicit in creating the hostile and discriminatory work environment, Defendants required Plaintiff to notify Meredith Holmes, as Plaintiff's Nurse Supervisor, of all of Plaintiff's claims of sexual harassment and discrimination.

50.    Holmes failed to respond to Plaintiff's claims in an appropriate, professional and reasonable manner, but rather conspired with Defendant Craig to get Plaintiff fired.

51.    Based upon these and other wrongful actions, Plaintiff was directly harmed by Defendants' negligent hiring of Meredith Holmes.

52.    As a direct, foreseeable and proximate result of Defendants' negligent hiring of Meredith Holmes, Plaintiff has suffered and continues to suffer substantial losses in compensation and other employment benefits and has incurred

other economic losses including but not limited to loss of wages in amounts to be proven at trial.

53.    As a further direct, foreseeable and proximate result of Defendants' negligence, Plaintiff has endured and continues to endure pain and suffering and general damages to be determined by the enlightened conscience of a jury.

54.    Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## COUNT FIVE

## NEGLIGENT SUPERVISION

55.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 18 to 54 with the same force and effect as if set forth herein.

56.    All Defendants breached their duty to provide proper supervision over health care personnel when they allowed an unlicensed professional, Meredith Holmes, to perform the duties of a nurse, including seeing patients and supervising Plaintiff and the other nurses at Dr. Craig's office.

57. Furthermore, Defendant Southern Health Corp. and Sunlink Health Systems breached their duty to properly supervise individuals in their employ by allowing the relationship between Dr. Craig and Meredith Holmes to continue, by failing to properly investigate Plaintiff's claims of sexual discrimination and harassment, and tolerating the intimidating, hostile and offensive work environment at Dr. Craig's office.

58. As a direct, foreseeable and proximate result of Defendants' negligent supervision, Plaintiff has suffered and continues to suffer general damages, including loss of wages, benefits of employment, and medical expenses in amounts to be proven at trial.

59. As a further direct, foreseeable and proximate result of Defendants' negligence, Plaintiff has endured and continues to endure pain and suffering and general damages to be determined by the enlightened conscience of a jury.

60. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## COUNT SIX

## TORTIOUS INTERFERENCE

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 18 to 60 with the same force and effect as if set forth herein.

62.     Defendant James Craig's conduct in reporting a false story to Defendants Southern Health Corp. and Sunlink Health Systems and other actions resulting in her termination constitutes tortious interference with Plaintiff's employment with Defendant Southern Health Corp.

63.     All Defendants intentionally and improperly interfered with the potential future employment opportunities and business relationships between Plaintiff and the general public when they provided a fabricated basis for Plaintiff's termination from Southern Health Corp. and communicated to the general public the false allegations that Plaintiff had an affair with a patient's husband.

64.     Defendants' interference with Plaintiff's employment opportunities and business relationships with the general public caused Plaintiffs to lose valuable rights, opportunities, and good will with potential employers and public in general.

14

65.     As a result of Defendant's tortious interference with Plaintiffs' business relationship with its members and the general public, Plaintiffs suffered general and special damages in an amount to be proven at trial.

66.     Defendants' conduct in interfering with Plaintiff's employment opportunities and business relationships shows willful misconduct, malice, wantonness, or that entire want of care which would raise the presumption of conscious indifference to the consequences to Plaintiff.  Plaintiff therefore prays for additional exemplary and punitive damages in an amount to be determined by the enlightened conscience of a jury to deter Defendants from such wrongful conduct in the future.

## COUNT SEVEN

## LIBEL, SLANDER AND DEFAMATION

67.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 18 to 66 with the same force and effect as if set forth herein.

68.     Defendant Craig fabricated and reported an alleged affair between the Plaintiff and a patient's husband to Defendants Southern Health Corp. and Sunlink Health Systems.

69.   Dr. Craig reported this fabricated affair to the subject patient, the staff at his office, administrators within Defendants Southern Health Corp. and Sunlink Health Systems, and others within the general public.

70.   All Defendants continued to repeat the alleged affair to Plaintiff's future employers through termination paperwork as well as to the general public resulting in Plaintiff being unable to obtain employment in the community.

71.   Defendants have further defamed Plaintiff by making other oral allegations imputing crimes punishable by law, making charges in reference to Plaintiff's trade, office and profession with the intent to harm Plaintiff, and otherwise uttering disparaging words calculated to and with the effect of creating special injury to Plaintiff.

72.   All Defendants have falsely and maliciously defamed Plaintiff.

73.   All Defendants made such defamatory statements to third parties.

74.   Said false and malicious statements tend to and in fact have injured the reputation of Plaintiff and exposed her to public hatred, contempt, and ridicule.

75.   As a result of Defendants' defamatory statements, Plaintiff suffered general and special damages in an amount to be proven at trial.

76.      Defendants' conduct in defaming Plaintiff shows willful misconduct, malice, wantonness, or that entire want of care which would raise the presumption of conscious indifference to the consequences to Plaintiff.  Plaintiff therefore prays for additional exemplary and punitive damages in an amount to be determined by the enlightened conscience of a jury to deter Defendants from such wrongful conduct in the future.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant as follows:

1.      Declaring that the Defendants' conduct has violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964 as well applicable state law;

2.      Awarding compensatory damages, liquidated and unliquidated, on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other non-pecuniary losses as will fully compensate Plaintiff for the injuries caused by Defendant's discriminatory, tortious and fraudulent conduct;

3.   Awarding general damages, special damages, including lost wages and medical expenses, and punitive damages on each and every cause of action;

4.   Awarding back pay and unpaid wages on each and every cause of action;

5.   Awarding such other and additional relief as may be necessary to make Plaintiff whole on each and every cause of action;

6.   Awarding reasonable attorney's fees in prosecuting this action;

7.   Awarding Plaintiff her costs and disbursements in prosecuting this action;

8.   Enjoining and permanently restraining the alleged violations of law on each and every cause of action; and

9.   For such other and further relief this court deems just and equitable.

This _____9th_____ day of October, 2012.

Respectfully Submitted By:

FLINT, CONNOLLY & WALKER, LLP

John F. Connolly
Georgia State Bar No. 182202

18

J. Alexis Putt
Georgia State Bar No. 148908

131 E. Main Street
Canton, Georgia 30114
(770) 720-4411