IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SUANNE M. CLAYTON,

                Plaintiff,

v.

DR. JAMES CRAIG, M.D;
SOUTHERN HEALTH CORP. OF
ELLIJAY, INC. d/b/a NORTH
GEORGIA MEDICAL CENTER;
and SUNLINK HEALTH
SYSTEMS, INC.,

                Defendants.

CIVIL ACTION NO.:
2:12-CV-237

## DEFENDANT SUNLINK HEALTH SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, SunLink Health Systems, Inc., Defendant in the above-styled action, who respectfully files this Brief in Support of its Motion to Dismiss, showing this Honorable Court as follows:

## I.    Introduction and Procedural History

Plaintiff originally filed this action on October 9, 2012, asserting various federal and state law claims against Defendant SunLink Health Systems, Inc. ("SunLink") (Doc. 1). On December 10, 2012, SunLink filed a Motion to Dismiss as each of Plaintiff's claims failed to state a claim against SunLink or were subject to jurisdictional limitations (Doc. 5). Thereafter, Plaintiff filed an Amended Complaint on December 24, 2012

raising the same claims against SunLink and adding one additional cause of action for intentional infliction of emotional distress (Doc. 11). However, Plaintiff's Amended Complaint is still subject to dismissal under the Federal Rules of Civil Procedure. Accordingly, Defendant SunLink Health Systems, Inc. respectfully requests that this Court dismiss Plaintiff's Amended Complaint against it.

## II.   <u>Standard of Review</u>

To survive dismissal under Fed. R. Civ. P. 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Rather, the complaint's allegations must "plausibl[y]" suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." <u>Twombly</u>, 550 U.S. at 555. If they do not, the plaintiffs' complaint must be dismissed. <u>See</u> <u>Id</u>. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). The "plausibility standard applies to all civil actions . . . because it is an interpretation of Rule 8." <u>American Dental Ass'n v. Cigna, 605 F.3d 1283</u>, 1290 (11th Cir. 2010).

## III. Argument and Citations of Authority

### A. As Plaintiff Failed to Name SunLink Health Systems, Inc. In Its Initial EEOC Charge of Discrimination, Plaintiff's Title VII Claims Against It Are Subject to Dismissal.

Plaintiff has filed three causes of action against SunLink which arise under Title VII of the Civil Rights Act:  Sexual Discrimination, Sexual Harassment, and Retaliatory Termination.  See (Doc. 11, Counts I, II, and III).  Nevertheless, SunLink is entitled to dismissal of Plaintiff's Title VII claims against it because SunLink was not named in Plaintiff's original EEOC Charge of Discrimination.

The jurisdictional prerequisites for a Title VII action by a private plaintiff are filing with the EEOC of a charge against the employer and the issuance of a right to sue letter against the respondent named in the charge. Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136 (5th Cir. 1971); accord 42 U.S.C. § 2000e-5(f)(1) (discussing that a civil action may be brought "against the respondent named in the charge" filed with the EEOC after certain jurisdictional prerequisites have been met).   The requirement that the plaintiff name the Title VII defendant in the EEOC charge ensures (1) that the defendant is notified early on of the discrimination claim allowing him an opportunity to preserve evidence that could be useful in his defense; and (2) that the EEOC can include all

relevant parties in its investigation and conciliation efforts. Clark v. City of Macon, 860 F. Supp. 1545, 1550-51 (M.D. Ga 1994); see also Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000) (discussing that plaintiff's judicial complaint is limited by the allegations of his charge of discrimination or by "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination").

Generally, a party not named in the EEOC charge cannot be sued in a subsequent civil action. Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994) In order to determine whether a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal court, courts consider several factors including: (1) the similarity of interest between the named and unnamed party; (2) whether the unnamed party's identity could have been ascertained by the plaintiff at the time of the EEOC filing; (3) whether the unnamed party received adequate notice of the charges; (4) whether the unnamed party had adequate opportunity to participate in reconciliation proceedings; and (5) whether exclusion from the EEOC proceedings actually work a prejudice on the unnamed party. Id. at 1359.

In the present claim, Plaintiff has not and cannot demonstrate that there is a sufficient similarity of interest between the named party (Southern Health Corp. of Ellijay, Inc.) and the unnamed party (SunLink Health

Systems, Inc.) to justify Plaintiff's failure to name SunLink in the EEOC Charge. Certainly, SunLink and Southern Health Corp. are separate corporate entities with separate governing bodies. Moreover, Plaintiff has not and cannot demonstrate that SunLink received adequate notice of the EEOC charge or had the opportunity to participate in the EEOC investigation. Further, Plaintiff has provided no justification for her failure to name SunLink Health Systems, Inc. at the outset of the EEOC proceeding. Accordingly, Plaintiff's Title VII claims against SunLink Health Systems, Inc. must be dismissed as a matter of law. See Ferrell v. Busbee, 91 F.R.D. 225, 228; 1981 U.S. Dist. LEXIS 14003 (N.D. Ga. 1981) (when there is no evidence in the record that the defendants had the opportunity to meet with the EEOC representatives in any conciliatory conferences and no evidence that these defendants were named in the factual allegations in the charge, the defendants are entitled to the dismissal of Plaintiff's Title VII claims against them); accord Sanchez v. Standard Brands, Inc., 431 F.2d 455, 455 (5th Cir. 1970) ("the permissible scope of a civil action is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination").

**B.** **Even If Plaintiff's Title VII Claims Were to Proceed Against SunLink, Plaintiff's Allegations Do Not Rise to the Level of a Hostile Work Environment**

Assuming *arguendo* that Plaintiff's Title VII claims were to proceed against SunLink despite its failure to name SunLink in its EEOC charge, Plaintiff's Title VII claims nevertheless fail because Plaintiff's allegations do not rise to the level of a hostile work environment. In analyzing a Title VII hostile work environment claim, the court is to use a totality of circumstances test to determine if conduct is severe and pervasive, weighing the alleged harassment's frequency, severity, physically threatening and humiliating nature, and interference with the plaintiff's job performance. Mendoza v. Borden, Inc., 195 F. 3d 1238, 1246 (11th Cir. 1999)( Requiring the plaintiff to prove that the harassment is severe or pervasive ensures that Title VII does not become a mere "general civility code." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).  Further, a plaintiff must establish not only that she subjectively perceived the environment as hostile and abusive, but also that a reasonable person would perceive the environment to be hostile and abusive. See Mendoza, 195 F.3d at 1246; Faragher, 524 U.S. at 788 (explaining that the objective component of the "severe and pervasive" element prevents "the ordinary tribulations of the workplace,

such as the sporadic use of abusive language, gender-related jokes, and occasional teasing" from falling under Title VII's broad protections).

The acts of harassment alleged by Plaintiff cannot be described as severe, physically threatening or humiliating and fall well short of the level of severe and pervasive conduct sufficient to alter her terms or conditions of employment.  Plaintiff alleges that she observed Dr. Craig rubbing the legs of employee Meredith Holmes, was shown pictures of underwear, and was called a "whore" and a "prude" (Doc. 11, ¶ 23).  Certainly, even considering Plaintiff's allegations as true, Plaintiff fails to state a claim for relief under Title VII as the allegations do not rise to the level of a hostile work environment as define by the courts of this circuit. Compare Mendoza v. Borden, Inc., 195 F.3d 1238 (11th Cir. 1999) (a plaintiff's allegations that, over a period of eleven months, her supervisor "'constantly'" followed her and stared at her "'in a very obvious fashion,'" directed a sexually charged statement at her, and touched her once fall short of establishing a hostile work environment); Lockett v. Choice Hotels Int'l, Inc., 315 Fed. Appx. 862 (11th Cir. 2009) (comments from an alleged harasser to a female employee that her boyfriend "ain't F'ing [her] right" and that she needed "to get with a real guy"  combined with two incidents of brief touching fall below the minimum level of severity or humiliation needed to establish sexual

harassment); <u>Weiss v. Coca-Cola Bottling Co. of Chicago</u>, 990 F.2d 333, 337 (7th Cir.1993) (holding plaintiff's claims--supervisor repeatedly asked about her personal life, told her how beautiful she was, asked her on dates, called her a dumb blonde, put his hand on her shoulder at least six times, placed "I love you" signs in her work area, and tried to kiss her once at a bar and twice at work--were <u>not</u> <u>sufficient</u> for actionable sexual harassment) <u>with</u> <u>Olson v. Lowe's Home Centers, Inc.</u>, 130 Fed.Appx. 380, 388 (11th Cir. 1999) (finding severe and pervasive sexual harassment occurred when an employee was repeatedly barraged with offensive sexual innuendos and increasingly vulgar sexual actions, and physically touched at least three times); <u>Spulnge v. Shoney's Inc.</u>, 97 F.3d 488, 490 (11th Cir. 1996) (establishing a hostile work environment where the harassers grabbed Plaintiffs, commented extensively on their physical attributes, showed them pornographic photos and videotapes, offered them money for sex, and speculated as to the Plaintiffs' sexual prowess) Accordingly, Plaintiff's Title VII claims are subject to dismissal.

## C. Plaintiff Fails to State a Claim Against Defendant SunLink Health Systems, Inc. for Tortious Interference.

Plaintiff's allegations are insufficient to state a claim against SunLink for tortious interference. Under Georgia law, tortious interference with business or contractual relations has four common essential elements

necessary for liability: (1) the defendant acted improperly and without privilege; (2) the defendant acted purposefully and maliciously with the intent to injure; (3) the defendant induced a third party not to enter into or continue a business relationship with the plaintiff; and (4) the defendant caused the plaintiff some financial injury. See Choice Hotels Intl. v. Ocmulgee Fields, 222 Ga. App. 185, 188 (2) (474 SE2d 56) (1996); accord Employing Printers Club v. Doctor Blosser Co., 122 Ga. 509 (50 SE 353) (1905); Valdez v. Power Indus. Consultants, 215 Ga. App. 444, 447 (451 SE2d 87) (1994); Renden, Inc. v. Liberty Real Estate, 213 Ga. App. 333, 334 (444 SE2d 814) (1994); Green v. Johnston Realty, 212 Ga. App. 656, 659-660 (442 SE2d 843) (1994); Artford v. Blalock, 199 Ga. App. 434, 440 (13) (405 SE2d 698) (1991); Bodge v. Salesworld, 154 Ga. App. 65, 66 (267 SE2d 505) (1980); Dale v. City Plumbing & Co., 112 Ga. App. 723 (2) (146 SE2d 349) (1965); Restatement, Second, Torts, p. 11, 766, h.

In the present case, Plaintiff vaguely alleges that Defendants "interfered with the potential future employment opportunities and business relationships between Plaintiff and the general public when they provided a fabricated basis for Plaintiff's termination from Southern Health Corp. and communicated to the general public the false allegations that Plaintiff had an affair with a patient's husband, communicated to the general public the false

allegation that Plaintiff had an affair with a patient, disclosed HIPPA privileged information, and abandoned her job." (Doc. 11, ¶ 74). However, Plaintiff does not allege the existence of any specific business relationship or contract which with Defendant SunLink Health Systems, Inc. purposefully interfered. Furthermore, Plaintiff does not identify what third party SunLink allegedly induced not to enter into or continue a business relationship with Plaintiff, other than merely saying "the general public."

Because Plaintiff's Complaint does not allege with sufficient specificity the necessary elements of a tortious interference claim, such claim fails as a matter of law. See Ashcroft v. Iqbal 556 U.S. 662, 679 (2009) (holding that, to be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct"); Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (the Complaint must "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong"); accord Iqbal, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement"); <u>Twombly</u>, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); <u>see</u> <u>also</u> <u>Redland Co. v. Bank of Am. Corp.</u>, 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that "[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed"); <u>Quality Foods v. Latin Am. Agribusiness Dev. Corp.</u>, 711 F.2d 989, 995 (11th Cir. 1983)) ("enough data must be pleaded so that each element of the alleged... violation can be properly identified"); <u>Wynn v. Fulton County Sheriffs Office,</u>2012 U.S. Dist. LEXIS 57900 * 5 (N.D. Ga. 2012); adopted by <u>Wynn v. Fulton County Sheriffs Office,</u> 2012 U.S. Dist. LEXIS 57902 (N.D. Ga. 2012) (discussing that a "plaintiff must do more than list labels and conclusions and make the-defendant-unlawfully-harmed-me accusation[s] to state a viable claim").

**D.** **<u>Plaintiff Fails to State a Claim Against Defendant SunLink Health Systems, Inc. for Negligent Hiring, Retention, and Supervision</u>**

Plaintiff fails to state a claim against Defendant SunLink Health Systems, Inc. for negligent hiring and retention. Under Georgia law, an "employer is bound to exercise ordinary care in the selection of employees

and not to retain them after knowledge of incompetency." O.C.G.A. § 34-7-20. "[L]iability for negligent hiring or retention requires evidence that the employer knew or should have known of the employee's propensity to engage in the type of conduct that caused the plaintiff's injury." Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1247 (11th Cir. 2001).

In the present case, Plaintiff alleges that "Defendants breached their duty to hire properly hire, retain, and provide proper supervision over health care 'personal' when they allowed an unlicensed professional, Meredith Holmes, to perform the duties of a nurse." (Doc. 11, ¶ 63). Plaintiff further claims that Defendant's alleged breach of duty resulted in Plaintiff having to cover for and assist Ms. Holmes, which allegedly caused Plaintiff to because stressed and depressed. (Doc. 11, ¶¶ 65-67). As a result, Plaintiff contends she has suffered an unidentified amount of lost wages, benefits of employment, and medical expenses (Doc. 11, ¶ 69). However, there is no causal connection between Ms. Holmes' alleged employment incompetency (lack of nursing license) and Plaintiff's alleged injury (lost wages, benefits of employment, and medical expenses). Absent a causal connection between the employee's particular incompetency for the job and the injury sustained by the plaintiff, the defendant employer is not liable to the plaintiff

for hiring an employee with that particular incompetency. <u>Kelley v. Baker Protective Svcs</u>., 198 Ga. App. 378; 401 S.E.2d 585 (1991).

Because of the absence of any causal connection between the alleged employment incompetency and Plaintiff's injury, Plaintiff fails to state a claim against SunLink for negligent hiring and negligent retention. <u>See Harvey Freeman & Sons v. Stanley</u>, 259 Ga. 233, 234 (2); 378 S.E.2d 857 (1989) (holding that an employer may be held liable only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's "tendencies" to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff); <u>Munroe v. Universal Health Servs., Inc</u>., 277 Ga. 861, 863; 596 S.E.2d 604 (2004)(emphasis added) ("A defendant employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's "tendencies" or propensities that the employee could cause the type of harm sustained by the plaintiff. **<u>The employer is subject to liability only for such harm as is within the risk</u>**")

Similarly, Plaintiff fails to state a claim against SunLink for negligent supervision. Under Georgia law, an employer may be held liable for negligent supervision only where there is sufficient evidence to establish that

the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff.  Leo v. Waffle House, Inc., 298 Ga. App. 838; 681 S.E.2d 258, 262 (2009).  Plaintiff alleges that as a result of these Defendants' "negligent supervision, Plaintiff has suffered . . . special damages, including loss of wages, benefits of employment, and medical expenses.  (Doc. 11, ¶ 69).  Plaintiff's Complaint has provided no evidence or factual discussion that SunLink Health Systems, Inc. knew or should have known that Ms. Holmes would engage in behavior that would result in such an injury to Plaintiff.  Accordingly, under the standard set forth in Iqbal and Twombly, *supra*, Plaintiff's Complaint fails to state a claim against Defendant SunLink Health Systems, Inc. for negligent supervision. See Dehaan v. Urology Ctr. of Columbus, LLC, 2012 U.S. Dist. LEXIS 52857 (M.D. Ga 2012) (where complaint fails to alleged that employee had a propensity to engage in specific behavior or that the employer knew or should have known about such a propensity, the complaint fails to state a claim for negligent supervision and retention).

### E.     Plaintiff Fails to State a Claim Against Defendant SunLink Health Systems, Inc. for State Law Defamation

Further, Plaintiff fails to state a claim for defamation as raised in Count VII. (Doc. 11, p. 19).  There are four elements required for a

defamation action in Georgia: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the "actionability of the statement irrespective of special harm." Mathis v. Cannon, 573 S.E.2d 376, 380; 276 Ga. 16, 20-21 (2002); O.C.G.A. 51-5-1 through 51-5-11 (libel and slander).

Under Georgia law, when items of special damage are claimed, they must be specifically stated. See O.C.G.A. 9-11-9(g). In the present case, Plaintiff vaguely contends that she has "suffered special damages, including loss of wages, benefits of employment, and medical expenses, in an amounts to be proven at trial." (Doc. 11, ¶ 90). However, as Plaintiff has not alleged with specificity what, if any, special damages she has incurred, she fails to state a claim against SunLink for defamation under Georgia law. See McGee v. Gast, 257 Ga. App. 882, 572 S.E.2d 398 (2002) (by failing to plead special damages with particularity as required by O.C.G.A. § 9-11-9(g), the complaint did not state a claim for defamation); Harmon v. Cunard, 190 Ga. App. 19; 378 S.E.2d 351 (1989) (Special damages must be pled plainly, fully and distinctly); Hicks v. McLain's Building Materials, 209 Ga. App. 191; 433 S.E.2d 114 (1993) (generalized allegations are insufficient to establish special damages)

To the extent Plaintiff contends she was not required to plead special damages because her Complaint should be construed as asserting a claim of defamation per se (such as slander per se), Plaintiff has not and cannot plead the facts necessary to establish such a claim. While proof of special damages is not required for slander or oral defamation that consists of "making charges against another in reference to his trade, office, or profession, calculated to injure him therein,"[1] the alleged defamatory statement made by Defendant SunLink Health Systems, Inc. is in no way connected to Plaintiff's **ability to perform her profession**. To the contrary, Plaintiff contends that the Defendants defamed her by allegedly reporting to the general public an affair she had with a patient of her employer, by falsely alleging a HIPPA violation, and by claiming she abandoned her job. (Doc. 11, ¶ 82).

Defamatory words about a person's trade or profession alleged to be slanderous per se must reference the plaintiff's trade. The words must be charged to have been used in reference to one's trade or profession. The speaker must [1] have had the trade or profession of the plaintiff in view, and [2] utter the words in reference to it, "as if he should say of a grocery merchant, he keeps false weights, or of a lawyer, that he won't pay his

---

[1] O.C.G.A. § 51-5-4 (a) (3).

clients the money he collects for them ….” <u>Davita Inc. v. Nephrology</u>

<u>Assocs.</u>, P.C., 253 F. Supp. 2d 1370, 1378 (S. D. Ga. 2003). To "reference"

ones's trade, profession, or business, "'the charge must be something that

affects his character generally in his trade.'" <u>Rogers v. Adams</u>, 98 Ga. App.

155, 158; 105 S.E.2d 364 (1958) (quoting <u>Van Epps v. Jones</u>, 50 Ga. 238,

242 (1873)) (emphasis added). Stated differently, "the alleged defamation

must actually be made in reference to the plaintiff's profession.” <u>Davita</u>,

supra at 1378. **“**Thus, a charge that a physician stole the land of a certain

person does not defame the physician with reference to his profession …."

<u>Id</u>.

Plaintiff does not contend that SunLink made negative comments

about her ability to be a nurse, or that SunLink made statements claiming her

to be unqualified or unfit for a nursing position. Accordingly, Plaintiff

cannot state a claim against SunLink Health Systems, Inc. for slander per se.

<u>Compare</u> to <u>Walker v. Walker</u>, 293 Ga. App. 872, 877**;** 668 S.E.2d 330

(2008) **(**While Complaint made references to business ventures, alleged

defamatory statements at issue involved underlying custody dispute and

were unrelated to plaintiff's occupation or trade); <u>distinguish</u> <u>from</u> <u>Hub</u>

<u>Motor Co. v. Zurawski</u>, 157 Ga. App. 850, 852; 278 S.E.2d 689

(1981) (statements characterizing plaintiff as unfit for her job as a police

officer sufficiently relate to plaintiff's occupation to make special damages unnecessary)**;** Sherwood v. Boshears, 157 Ga. App. 542, 543; 278 S.E.2d 124 (1981) (statements that plaintiff's incompetence and mismanagement had resulted in substantial damages to the property were sufficiently related to plaintiff's position as a property manager to make special damages unnecessary).

### F. Plaintiff Fails to State a Claim Against Defendant SunLink Health Systems, Inc. for Intentional Infliction of Emotional Distress

Plaintiff attempts to hold SunLink liable for Dr. Craig's alleged intentional infliction of emotional distress ("IIED") under the doctrine of respondeat superior.[2]  In order for an employer to be held liable under the theory of respondeat superior, two elements must be present: "first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business." Piedmont Hosp., Inc. v. Palladino, 276 Ga. 612, 580 S.E.2d 215, 217 (Ga. 2003) Assuming *arguendo* Plaintiff's allegations to be true, Plaintiff's IIED claims against SunLink nevertheless fail because Dr. Craig's alleged actions are not  sufficiently in furtherance of SunLink's business and within the scope of his employment to trigger the theory.

---

[2] SunLink Health Systems, Inc. denies that it was the employer of Dr. Craig.

If an employee commits "an act entirely disconnected from [his master's business], and injury to another results from the act, the servant may be liable, but the master is not liable." Palladino, 580 S.E.2d at 217. None of the actions alleged by Plaintiff relate to his position as a physician, nor do the act to further the business of SunLink Health Systems, Inc. Accordingly, SunLink cannot be held liable for Dr. Craig's alleged IIED under the doctrine of respondeat superior. See Doe v. Fulton-DeKalb Hosp. Auth., 2006 U.S. Dist. LEXIS 28689 (N.D. Ga. 2006) (where alleged sexual harassment was outside the scope of an employee's employment with the defendant-hospital, and the hospital cannot be held liable on a theory of respondeat superior); Alpharetta First United Methodist Church v. Stewart, 221 Ga. App. 748, 752; 472 S.E.2d 532 (1996) ("[t]he basis for these holdings is that these types of torts, being purely personal in nature, are unrelated to the employee's duties and, therefore, are outside the scope of employment because they are not in furtherance of the master's business")

Moreover, Plaintiff's attempt to hold SunLink liable for Dr. Craig's alleged IIED under the doctrine of respondeat superior also fails because Plaintiff has failed to allege the existence of the underlying tort under Georgia law. See Cotton States Mut. Ins. Co. v. Kinzalow, 280 Ga. App. 397, 399 n.3, 634 S.E.2d 172, 174 n.3 (2006) ("In order to succeed in a

claim of respondeat superior against an employer, one must first prove the existence of an underlying tort, and then establish that the employee was acting in furtherance of the employer's business and that he was acting within the scope of the employer's business when the tort was committed.").

In order to prevail on a claim of IIED, Plaintiff must show: (1) the conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe. <u>See</u> <u>Hendrix v. Phillips</u>, 207 Ga. App. 394; 428 S.E.2d 91 (1993). Whether Defendant's employees' actions rose to the requisite level of outrageousness is a question of law to be determined by the court. <u>Yarbray v. S. Bell Tel. & Tel. Co.</u>, 261 Ga. 703; 409 S.E.2d 835 (1991)

The required standard for IIED is stringent and difficult to establish. <u>Bridges v. Winn-Dixie Atlanta, Inc</u>., 176 Ga. App. 227, 229; 335 S.E.2d 445 (1985); <u>Moses v. Prudential Ins. Co. of Am.,</u> 187 Ga. App. 222, 224; 369 S.E.2d 541 (1988)(IIED is hard to establish because of "the court's justifiable concern that causes of action grounded upon emotional distress may give rise to fictitious, inflated, or trivial claims unless properly circumscribed").

Georgia courts have found liability for IIED "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Yarbrough v. SAS Sys., Inc., 204 Ga. App. 428, 429; 419 S.E.2d 507 (1992.). Accordingly, this tort is reserved for only the most egregious behavior, which plaintiffs "bear a heavy burden" in establishing. Mears v. Gulfstream Aerospace Corp., 225 Ga. App. 636, 640; 484 S.E.2d 659(1997); accord Durley v. APAC, Inc., 236 F.3d 651, 658 (11th Cir. 2000). Mere insults, indignities, threats, annoyances, petty oppressions, or the fact the plaintiff was insulted or offended are insufficient. Perkins-Carrillo v. Systemax, Inc., 2006 U.S. Dist. LEXIS 39894 (N.D. Ga. 2006). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Bridges, 176 Ga. App. at 230. Even termination of employment or threats of termination are insufficient to establish a claim for IIED. See Amstadter v. Liberty Healthcare Corp., 233 Ga. App. 240, 243,;503 S.E.2d 877 (1998).

In the present case, Plaintiff has alleged that she was subjected to abusive and sexual language, forced to assist patients while Dr. Craig had sex with another employee during office hours, and subjected to false allegations and accusations which could have caused her to be terminated.

(Doc. 11, ¶ 54). However, even considering Plaintiff's allegations to be true, the conduct alleged by plaintiff cannot be considered sufficiently extreme and outrageous to state a claim under Georgia law. Compare Bradley v. Dekalb County, 2010 U.S. Dist. LEXIS 118467 (N.D. Ga 2010) (allegations that Plaintiff was subjected to harassment based upon the perception that he suffers from epileptic seizures, was stripped him of his badge and gun by his supervisors, was assigning him to the screening desk for extended periods, was subjecting him to multiple fitness-for-duty evaluations without justification, and was subjected internal investigations into minor offenses, thus marring his reputation as an officer and causing him professional and personal humiliation ***were insufficient*** to establish a claim for intentional infliction of emotional distress); Hoffman v. Parade Publs, 2009 U.S. Dist. LEXIS 71429 (N.D. Ga. 2009) (plaintiff's allegations that his supervisor required him to take a "forced early retirement" because of his age ***came nowhere near*** the "outrageous" conduct required for intentional infliction of emotional distress under Georgia law); Bowers v. Estep, 204 Ga. App. 615, 618, 420 S.E.2d 336, 339 (Ga. App. 1992) (plaintiff ***failed*** to state an IIED claim where he alleged he was intentionally harassed, threatened, humiliated, intimidated in the course of his supervisors' inquiries concerning his emotional condition, belittled, and maliciously

transferred to another position causing him to take a leave of absence and be admitted to a psychiatric clinic); <u>Fox v. Ravinia Club, Inc</u>., 202 Ga. App. 260, 414 S.E.2d 243 (1991) (***finding no outrageous*** conduct where plaintiff's supervisor spoke to her in a "hostile, intimidating and abusive manner" and gave her false reasons for termination); <u>Sossenko v. Michelin Tire Corp</u>., 172 Ga. App. 771; 324 S.E.2d 593 (1984) (holding that a plaintiff singled out and forced by threats of dismissal to accept several demotions, coupled with other workplace harassment, ***did not suffer*** intentional infliction of emotional distress as a matter of law).  As such, Plaintiff's IIED claims fail to state a claim against SunLink as a matter of law.

## IV.    <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, Defendant SunLink Health Systems, Inc., respectfully requests that this Court dismiss Plaintiff's Complaint against it.

Respectfully submitted this 7th day of January, 2013.


**DALEY, KOSTER & LAVALLEE, LLC**

***<u>s/Cynthia Matthews Daley</u>***
Cynthia Matthews Daley
Georgia Bar No. 476520
Lauren E.H. Meadows

Georgia Bar No. 575757
Attorneys for Defendant SunLink Health
Systems, Inc.

2849 Paces Ferry Road, Suite 205
Atlanta, Georgia  30339
(678) 213-2401
(678) 213-2406 (fax)
cmdaley@dkllaw.com; lhmeadows@dkllaw.com

| IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA GAINESVILLE DIVISION | |
|---|---|
| SUANNE M. CLAYTON,<br><br>       Plaintiff,<br>v.<br><br>DR. JAMES CRAIG, M.D; SOUTHERN HEALTH CORP. OF ELLIJAY, INC. d/b/a NORTH GEORGIA MEDICAL CENTER; and SUNLINK HEALTH SYSTEMS, INC.,<br><br>       Defendants. | Civil File Action No.:<br>2:12-CV-0237 |

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on January 7, 2013, I e-filed the foregoing using the Court's ECF Filing which will send an automatic notification to the following counsel:

John F. Connolly
J. Alexis Pruitt
131 E. Main Street
Canton, GA 30114

                  **DALEY, KOSTER & LAVALLEE, LLC**

                  *<u>s/Cynthia Matthews Daley</u>*
                  Cynthia Matthews Daley
                  Georgia Bar No. 476520