IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SUANNE M. CLAYTON,              :
                                   :
     Plaintiff,                 :
                                   :
v.                              :   CIVIL ACTION
                                   :   NO. 2:12-CV-00237-WCO
DR. JAMES CRAIG, M.D.,        :
SOUTHERN HEALTH CORP. OF  :
ELLIJAY, INC. d/b/a NORTH    :
GEORGIA MEDICAL CENTER, and :
SUNLINK HEALTH SYSTEMS, INC., :
                                   :
     Defendants.             :

## ORDER

The court has before it for consideration the magistrate judge's March 11, 2013, "Order and Non-Final Report and Recommendation" ("R&R") [30]. Pursuant to 28 U.S.C. § 636(b)(1), defendant Southern Health Corp. of Ellijay, Inc. ("Southern Health") has filed timely objections to the R&R. (Objections, ECF No. 33.) No other objections have been filed.

### I.    Factual and Procedural Background

The parties have not objected to the facts and procedural history as set forth in the R&R, and, finding no plain error, the court adopts them.

Plaintiff is a nurse who worked for Southern Health with Dr. James Craig ("Craig"). (R&R 1, ECF No. 30.) Sunlink Health Systems, Inc. ("Sunlink") is

Southern Health's parent company.  (*Id.*)  Plaintiff alleges that while she worked with Craig, he was involved in an open sexual relationship with the office's nurse supervisor, Meredith Holmes ("Holmes").  (*Id.*)  Plaintiff further alleges that Holmes was hired in a supervisory role even though she had no nursing license, primarily because she was involved in a sexual relationship with Craig.  (*Id.* at 1–2.)  Plaintiff claims she was required to cover for Craig while he had sex with Holmes at the office during work hours.  (*Id.* at 2.)

Plaintiff also alleges that she was subjected to sexual comments, innuendo, and gestures while working with Craig.  (*Id.*)  She claims Craig would sexually touch Holmes in her presence, that Craig displayed pictures of himself "dressed only in his underwear," and that he displayed underwear belonging to Holmes and inscribed with the phrase "I love Dr. Craig."  (*Id.*)  Plaintiff also asserts that Craig called her a whore, teased her about being a prude, and suggested she have an affair despite being married.  (*Id.*)

Plaintiff claims that when she objected to Holmes and Craig about their behavior, she received no response.  (*Id.*)  Plaintiff then shared her concerns with Southern Health, from whom she again received no response.  (*Id.*)  Plaintiff alleges that Craig then proceeded to fabricate a story that she was involved in an affair with

a patient. (*Id.*)  According to plaintiff, Southern Health adopted Craig's story without properly investigating the situation and subsequently terminated her. (*Id.*)

On October 9, 2012, plaintiff filed her complaint in which she alleged that defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). (*Id.* at 4; Compl., ECF No. 1.)  Plaintiff also asserted state law claims for sexual harassment, retaliatory termination, negligent hiring, negligent supervision, tortious interference, slander, libel, and defamation. (R&R 4.)  Craig and Sunlink then filed motions to dismiss plaintiff's complaint for failing to state a claim, and Southern Health filed a partial motion to dismiss for failure to state a claim and a motion for a more definite statement. (*Id.* at 4.)  On December 24, 2012, plaintiff filed an Amended Complaint, which added a claim for intentional infliction of emotional distress against all defendants. (*Id.* at 4–5.)  That same day, she also filed responses to each of the defendants' pending motions. (*Id.*)

On January 7, 2013, each defendant filed a motion to dismiss the Amended Complaint for failure to state a claim. (*Id.*)  They also filed a joint motion to stay discovery pending the resolution of their motions to dismiss. (*Id.*; Mot. Stay, ECF No. 21.)  Plaintiff filed responses in opposition to all of defendants' pending motions on

January 22, 2013, including their joint motion to stay. (R&R 5.) On February 5, 2013, defendants jointly filed a reply. (*Id.*)

On March 11, 2013, the magistrate judge recommended dismissing Sunlink's first "Motion to Dismiss" [5], Craig's first "Motion to Dismiss" [6], Southern Health's "Partial Motion to Dismiss" [7], and Southern Health's "Motion for More Definite Statement" [8] as moot. (*Id.* at 5–6.) The R&R further recommended granting in part and denying in part Craig's second "Motion to Dismiss" [17], Sunlink's second "Motion to Dismiss" [18], and Southern Health's second "Motion to Dismiss" [19]. (*Id.* at 3.) The magistrate judge also granted defendants' "Motion to Stay Discovery" [21] and stayed discovery until after this court ruled on defendants' pending motions to dismiss. (*Id.* at 4.) On March 25, 2013, Southern Health filed objections to the R&R.

## II.    STANDARD OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court must conduct a careful, *de novo* review of those portions of the R&R to which Southern Health has objected. The court need only review the remaining portions of the R&R for plain error. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

### III.   ANALYSIS

Southern Health's objections are limited to the magistrate judge's disposition of Count V of the Amended Complaint, which asserts claims for negligent hiring, retention, and supervision under Georgia law. (Objections 2.) The magistrate judge noted that plaintiff alleged "two separate theories of negligent hiring, retention, and supervision against Southern Health." (R&R 25.) First, plaintiff asserted that Southern Health "breached [its] duty to properly hire, retain, and provide proper supervision over health care personal [sic] when [it] allowed an unlicensed professional, Meredith Holmes, to perform the duties of a nurse . . . ." (*Id.* (quoting Am. Compl. ¶ 63).) Second, plaintiff asserted that "Southern Health breached its duty to supervise individuals when it 'allow[ed] the relationships between Dr. Craig and Meredith Holmes to continue,' 'fail[ed] to properly investigate Plaintiff's claims of sexual discrimination and harassment, and tolerat[e]d the intimidating, hostile, and offensive work environment at Dr. Craig's.'" (*Id.* at 26 (quoting Am. Compl. ¶ 64).)

The magistrate judge recommended dismissing plaintiff's first theory because plaintiff failed to identify the underlying tort forming the basis of her claim and failed to allege any facts suggesting a causal connection between Holmes's lack of a nursing license and the injuries plaintiff allegedly suffered. (*Id.* 24–27.) As to the second theory, however, the magistrate judge noted that

5

> Southern Health [did] not discuss Plaintiff's claim that it breached its duty to supervise individuals in its employ by allowing the relationships between Dr. Craig and Ms. Holmes to continue, failing to properly investigate Plaintiff's claims of sexual discrimination and harassment, and tolerating an intimidating, hostile, and offensive work environment at Dr. Craig's office.

(*Id.* at 26.)  For that reason, the magistrate judge permitted plaintiff's second theory of negligent hiring, retention, and supervision to proceed.  (*Id.*)

Southern Health argues that the magistrate judge erred in allowing plaintiff's second theory to proceed for two reasons.  (Objections 3–5.)  First, Southern Health argues that the magistrate judge erred in construing plaintiff's complaint as raising two separate theories of negligent hiring, retention, and supervision.  (*Id.* at 3.)  Rather, it contends that "the alleged workplace 'defect' at issue is Ms. Holmes' supposed lack of a nursing license," and therefore the claim should be dismissed in its entirety.  (*Id.*)  Second, Southern Health argues that even if the second theory is advanced in plaintiff's complaint, it fails to state a claim because it does not allege a causal connection between Holmes's behavior and plaintiff's claimed injuries.[1]  (*Id.* at 3–5.)

---

[1] Southern Health's arguments are limited to Holmes, even though the allegations in the complaint allege a failure to supervise both Holmes and Craig.

6

Upon review, the court finds no merit in Southern Health's first objection. While the Amended Complaint is structured in such a way that makes it difficult to determine which factual allegations plausibly support each claim,[2] it clearly alleges in Count V that

> Defendant Southern Health Corp. and Sunlink Health Systems breached their duty to properly supervise individuals in their employ by allowing the relationship between Dr. Craig and Meredith Holmes to continue, by failing to properly investigate Plaintiff's claims of sexual discrimination and harassment, and tolerating the intimidating, hostile and offensive work environment at Dr. Craig's office.

(Am. Compl. ¶ 64.) These allegations stand separate and apart from allegations concerning Holmes's lack of a nursing license, and therefore the magistrate judge properly construed it as a separate theory of recovery. (*See id.* ¶¶ 62–71.)

Defendant's second objection, that plaintiff fails to allege a causal connection between Holmes's behavior and plaintiff's claimed injuries, also lacks merit.[3] To state

---

[2] Indeed, the R&R explicitly noted that plaintiff's Amended Complaint was a "typical 'shotgun' pleading" that has been condemned by the Eleventh Circuit. (R&R 6.)

[3] As the magistrate judge noted, Southern Health's motion to dismiss largely ignored plaintiff's allegations that it was aware of Craig and Holmes's relationship and the allegedly hostile work environment it created, even though this was clearly presented as a separate theory of recovery. Instead, Southern Health's motion focused on plaintiff's allegations regarding Holmes's lack of a license. (R&R 26.) Southern Health now advances the same legal arguments in its objections to the R&R that it advanced regarding Holmes's lack of a license, but with a focus on plaintiff's negligent supervision claim. Such arguments should have been presented to the magistrate judge for consideration. As they were not, the court could exercise its discretion and decline to consider them. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has

a claim for negligent supervision, plaintiff had to allege facts indicating that Southern Health "reasonably knew or should have known of [Holmes's] 'tendencies' to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Munroe v. Universal Health Servs.*, 596 S.E.2d 604, 606 (Ga. 2004). "The employer is subject to liability only for such harm as is within the risk." *Id.* (quoting RESTATEMENT (SECOND) OF AGENCY § 213 cmt. d (2004)); *see also Tomczyk v. Jocks & Jills Rests., LLC*, 198 F.App'x 804, 815 (11th Cir. 2006) (applying Georgia law).

Southern Health contends that plaintiff's claim fails to allege that it knew or should have known about Craig and Holmes's sexual behavior. Specifically, it contends that "plaintiff makes no allegations of any prior sexual harassment conduct of Holmes or any prior conduct which could possibly put Defendants on notice of any potential tendencies to engage in sexual harassment by Holmes." (Objections 5.) However, plaintiff *does* allege that Southern Health "was fully aware of the relationship between Dr. James Craig and Meredith Holmes as well as the inappropriate sexually-charged atmosphere at Dr. Craig's office" both before and after plaintiff complained about Craig and Holmes's relationship. (Am. Compl. ¶¶ 25–26.) She further alleges that despite this knowledge and plaintiff's complaints, Southern

---

discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). However, because these legal arguments were presented to the magistrate judge in a tangential fashion and they potentially narrow the remaining issues in this case, the court will exercise its discretion and consider them on their merits.

Health failed to "appropriately discipline either James Craig or Meredith Holmes." (*Id.*) She also alleges that because of Craig and Holmes's conduct, she "couldn't eat, became physically ill, and suffered from depression as a result of the stress created by Ms. Holmes and Defendant Craig's actions," and "suffered special damages, including loss of wages, benefits of employment, and medical expenses." (*Id.* ¶¶ 67, 69.) Contrary to defendant's objections, the court finds these allegations sufficient to state a claim for negligent supervision.

This case is distinguishable from factually analogous cases such as *Bailey v. Urology Center of Columbus, LLC*. No. 4:11-CV-42 (CDL), 2011 WL 3568144 (M.D. Ga. Aug. 15, 2011). In *Bailey*, the plaintiff asserted a negligent supervision claim that alleged the company knew of and condoned improper employee relationships that created a hostile work environment. The court dismissed plaintiff's claim under Rule 12(b)(6) because the plaintiff failed to "allege any facts regarding how [the] alleged relationship created a hostile work environment, to whom the alleged hostile work environment was directed, whether the alleged hostile work environment was unlawful because it was based on a protected trait, or whether [the employees'] conduct materially altered the terms and conditions of any employee's employment." *Id.* at *5. Here, however, the magistrate judge specifically found that plaintiff had "met her burden at this stage of the litigation" to adequately allege

sufficient facts to state a plausible claim for sexual harassment, and all three of plaintiff's Title VII claims (sexual discrimination, retaliatory termination, and sexual harassment) remain pending against Southern Health.  (*Id.* at 12–13.)  Furthermore, while plaintiff does not provide specific facts that suggest how Southern Health should have known of Craig and Holmes's relationship *before* plaintiff complained, plaintiff does allege that Southern Health failed to respond to or appropriately investigate her complaints and that this failure permitted Craig to retaliate against plaintiff by fostering rumors that sullied plaintiff's personal and professional reputation and ultimately led to her termination.  (Am. Compl. ¶¶ 26–31, 83–84.) Accepting these factual allegations as true, the court finds that at this stage of the litigation, plaintiff has adequately stated a claim for negligent supervision.

## IV.    CONCLUSION

For the foregoing reasons, the court finds that Southern Health's "Objections" [33] to the R&R are without merit and are hereby **OVERRULED**.  No other party filed objections to the R&R, and apart from the discussion set forth above, the court hereby **APPROVES and ADOPTS** the R&R [30] as the order of this court.

**IT IS SO ORDERED**, this 29th day of April, 2013.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge